UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| Plaintiff, : | |
| : | |
| v. : | **Case No. 22-cr-00238 (TNM)** |
| : | |
| **LISA ANNE HOMER** : | |
| **a.k.a. LISA ANNE BOISSELLE,** : | |
| : | |
| Defendant. : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Lisa Anne Boisselle, by and through counsel, David Chambers, the Viorst Law Offices, P.C., respectfully request a sentence of no incarceration or confinement as "sufficient, but not greater than necessary" to accomplish the purposes of 18 U.S.C § 3553(a)(2). Ms. Boisselle states the following in support of these requests:

    **A.**    **Procedural History**

    1.    The defendant, Lisa Boisselle, was charged by an information with the following violations: Entering and Remaining in a Restricted Building, in violation of Title 18, United States Code, § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of Title 18, United States Code, § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of Title 40, United States Code, § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, § 5104(e)(2)(G).

    2.    Police arrested Ms. Boisselle on November 26, 2021, at her residence in Colorado Springs, Colorado. She initially appeared before the U.S. District Court for the District of Colorado on November 26, 2021, and was released on a non-secured bond of $10,000. United States Magistrate Judge Nina Y. Wang set the conditions of release as supervision by pretrial services.

    3.    Ms. Boisselle has fully complied with the conditions of her pretrial release.

4.      On July 7, 2022, Ms. Boisselle accepted responsibility for her actions on January 6, 2021, and signed plea paperwork admitting guilt to Court Four of the Information. Ms. Boisselle understands that a conviction for Count Four carries a maximum sentence of six months imprisonment, pursuant to 40 USC § 5109(b); a term of probation of not more than five years, pursuant to 18 U.S.C § 3561(c); a fine of not more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

5.      Under the terms of the plea agreement, Ms. Boisselle agreed to pay restitution in the amount of $500. Ms. Boisselle also agreed to allow law enforcement agents to review any social media accounts operated by her for statements and posting on and around January 6, 2021, and to interview her regarding events of January 6, 2021. Ms. Boisselle will comply with all these obligations.

6.      The Court must determine a sentence that is "sufficient, but not greater than necessary, to comply with the purpose … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C § 3553(a)(2). Here, the U.S. Sentencing Guidelines do not recommend a sentence because the conviction for Count Four is a Class B misdemeanor. U.S.S.G § 1B1.9.

  **B.**  **Factual Background**

7. On November 14, 2020, Ms. Boisselle attended a political rally in Washington D.C. to protest the results of the 2020 presidential election. Ms. Boisselle peacefully participated in this political rally with no issue. However, Ms. Boisselle did hear reports that Antifa members were attacking protesters through random stabbings and punches with brass knuckles.

8. An individualized assessment of Ms. Boisselle's role in the offense shows that, on January 3, 2021, Ms. Boisselle traveled from Arizona to Washington D.C to attend a political rally on January 6, 2021. Ms. Boisselle brought with her a protection vest and baseball helmet to protect herself in case she was targeted like the people she heard about at the November 14, 2020, political rally she attended.

9. Ms. Boisselle's purpose of her Washington D.C. trip was to attend and listen to the speakers at the Christian rally, which took place the morning of January 4, 2021, and witness Former President Donald Trump speak, which she believed was taking place the morning of January 6, 2021 at the Washington Monument. Ms. Boisselle did not come to Washington D.C. to participate in or provoke an insurrection.

10. In the morning of January 6, 2021, Ms. Boisselle walked from her hotel to the Freedom Plaza. Around 9:00 a.m. Ms. Boisselle followed a large group to the Washington monument where she believed Former President Donald Trump would be speaking. At approximately 12:00 p.m. Ms. Boisselle followed a large group to the U.S. Capital building.

11. Ms. Boisselle participated in political chanting along with many other members of the large crowd. At one point the large crowd surged forward and Ms. Boisselle was swept forward, closer to the Capital Building. Ms. Boisselle stood next to a U.S. Capital Police Officer to try and keep herself in a safe position and prevent possibly being trampled by the crowd.

12.     Suddenly, something hit Ms. Boisselle violently in the head, which she believes was a rubber bullet. Ms. Boisselle suffered a prior head injury as the victim of domestic violence, and the idea of any further head injury terrified her, so at this point she put on her baseball helmet.

13.     At approximately 2:13 p.m., Ms. Boisselle saw many people going through an open door, and made the impulsive decision to follow the group and go through the open doorway. Ms. Boisselle did not in any way force or participate in opening the door.

14.     Once inside Ms. Boisselle walked through the Crypt and an area that leads down to the Capital Visitor Center. Ms. Boisselle while inside realized that it was an impulsive mistake to enter the U.S. Capital building and left the building at approximately 3:17 p.m. While inside, Ms. Boisselle did not destroy any property or assault any law enforcement officials.

15.     When Ms. Boisselle left the U.S. Capital building and all she wanted was to return to her hotel as she knew she made a mistake. However, once outside the Capital there was so many people that it was impossible to immediately make it to the street and it took her until 4:00 p.m. to get out of the crowd.  Once out of the crowd, Ms. Boisselle returned directly to her hotel room where she remained until her flight home on January 8, 2021.

        **C.**     **Lisa Boisselle's Personal History**

16.     Ms. Boisselle is a 51-year-old mother of 4 and grandmother to 1 who, prior to these current criminal charges, had no prior criminal record.

17.     Ms. Boisselle was born and raised in Oregon where she also obtained her undergraduate degree in 1991.

18.     In 1993 Ms. Boisselle purchased a daycare center licensed for 30 children in Washington state.

19. Ms. Boisselle married in 1998 and had 4 children with her husband Andrew Jager, who is now deceased.

20. In 2009 Ms. Boisselle obtained her license to be a Wealth Advisor and went to work for a company in Yakima, Washington as a Wealth Advisor.

21. Ms. Boisselle married her second husband in 2012 where they started their own wealth advising company.

22. Ms. Boisselle became involved with local politics is 2012 and became the District Director for South Central Washington. She was also elected as Precinct Committee Officer this year for her district.

23. Ms. Boisselle sat on numerous boards in the Yakima area including, *inter alia*: Washington State Department of Transportation, Sunrise Outreach (working with the homeless), Camp Hope (a homeless encampment), Camp Hope Tiny Home Projects (funding tiny homes for victims of domestic violence), Northwest Pacific University Grant Board, Yakima Downtown Design Committee.

24. In 2015, Ms. Boisselle received custody of her stepdaughter newborn son due to parental neglect. Ms. Boisselle obtained custody of this child at 5-months-old.

25. In 2019, Ms. Boisselle traveled as Co-Chair to Taiwan with the organization Women In Government.

26. Ms. Boisselle's husband assaulted her in 2020. As a result of this attack Ms. Boisselle suffered a traumatic brain injury. Ms. Boisselle's husband was convicted of assault in 2021. Ms. Boisselle divorced her husband in 2021.

27. To escape her abusive marriage, Ms. Boisselle moved to Arizona where she started her own financial advising business. Ms. Boisselle is the sole member and employee of her financial advising business.

28. Ms. Boisselle is currently dating Timothy Dunlap, a Green Beret with 17 years of active duty. Ms. Boisselle now splits her time residing in Arizona and Colorado Springs, Colorado where Mr. Dunlap is stationed.

29. Ms. Boisselle and Mr. Dunlap are actively involved in the Army community working with families and helping those in need.

### D. Documents in Support of Sentencing

30. Character Letter Timothy Dunlap (Exhibit A)

31. Character Letter Soneya Allen (Exhibit B)

32. Character Letter Carl Bailey (Exhibit C)

33. Character Letter Chris Briskey (Exhibit D)

34. Character Letter Jonathan Gimbernat (Exhibit E)

35. Character Letter Tony Lucero (Exhibit F)

36. Domestic Violence Police Report (Exhibit G)

37. Head Injury Medical Report (Exhibit H)

38. Lisa Boisselle Investment Adviser Documentation (Exhibit I)

39. Discovering Better Choices Certificate of Completion (Exhibit J).

### E. Conclusion

40. Unquestionably, a purpose of punishment includes affording adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). Ms. Boisselle's complete lack of criminal history, family support, education, employment, and her acceptance of responsibility, demonstrate that she

is at a very low risk to recidivate. Ms. Boisselle realizes her impulsive decision to enter the U.S. Capital has discredited her voice and took away any meaning behind the original intention of her protest. Ms. Boisselle is embarrassed by her impulsive decision to enter the capital and has attended and completed an educational program aimed making better decision and managing impulsivity. (*Discovering Better Choices Certificate of Completion*, Exhibit I). Ms. Boisselle regrets her conduct and takes full responsibly for entering the U.S. Capital. Therefore, a sentence that imprisons or confines Ms. Boisselle is greater than necessary to accomplish the goal of deterrence.

41. In terms of the seriousness of the offense and respect for the law, an assessment of Ms. Boisselle's conduct demonstrates that imprisonment or confinement is a greater punishment than necessary. Ms. Boisselle did not engage in any violent or destructive conduct. She did not enter the Capital through a broken window, but through an open door, and did not enter particularly sensitive areas of the Capital. Although Ms. Boisselle did follow the crowd through an open door into the Capital in a lapse of judgment, the impact of the arrest, prosecution, and conviction on her life is indelible. The conviction itself will remain indefinitely on her record. That is sufficient punishment to accomplish the goals of sentencing.

42. In these circumstances, a sentence to probation without a term of imprisonment or confinement is appropriate for Ms. Boisselle. For over the past year, Ms. Boisselle has demonstrated full compliance with the conditions of her release. For the past 50 years until this event, Ms. Boisselle has had no criminal history. Ms. Boisselle is employed and supports her 4 children and grandchild. Ms. Boisselle has the support of her family. As the sole member and employee of her financial advising business, if she were to be imprisoned or confined her business would collapse and she would no longer be as able to support herself or her family. Due to these

factors stated above, the conviction itself and a probationary sentence without imprisonment or confinement is sufficient punishment.

43.     Therefore, based on an individualized assessment of the factors under 18 U.S.C. § 3553(a), the defense requests a probationary sentence with no imprisonment or confinement.

Dated this 3rd day of August, 2022.

THE VIORST LAW OFFICES, P.C.

[*Original signature on file at Viorst Law Offices, P.C.*]

*s/ David Chambers*
David Chambers #50270
Viorst Law Offices, PC
950 South Cherry Street, Suite 300
Denver, CO 80246
Telephone: (303) 759-3808
Facsimile: (303) 333-7127
E-mail: david@viorstlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of August, 2022, I electronically filed a true and correct copy of the above and foregoing **DEFENDANT'S SENTENCING MEMORANDUM** via e-mail to the following e-mail address(es):

| | |
|---|---|
| Dina Moussa<br>Clerk of the Court<br>United States District Court<br>District of Columbia<br>dina_moussa@dcd.uscourts.gov | Jaqueline Schesnol, Esq.<br>United States Attorney's Office<br>JSchesnol@usa.doj.gov |

[*Original signature on file at Viorst Law Offices, P.C.*]

*/s/ Michelle Spadavecchia*